lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 02-40140-02-JAR |
| ) | |
| ) | |
| **DAVID C. WITTIG,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S
## MOTION FOR BOND PENDING APPEAL

This Court sentenced defendant David C. Wittig on February 5, 2007. At the conclusion of the hearing, defendant orally moved the Court to grant him bond pending appeal.[1] Both defendant and the government stated at that time that they did not wish to make any further written submissions or continue the motion for a hearing. For the reasons explained in detail below, the Court grants defendant's motion.

There is no absolute right to bail pending appeal. Under 18 U.S.C. § 3143, as amended by the Bail Reform Act of 1984, a defendant who has been found guilty, sentenced to a term of imprisonment and filed an appeal or a petition for a writ of certiorari shall be detained unless the court finds that: (1) the defendant is not likely to flee or pose a danger to the safety of the community; and (2) his appeal is not for the purpose of delay but raises a substantial question of law or fact likely to result in a reversal or order for new trial.[2]

---

[1] Defendant previously filed a Motion to Expedite Sentencing Hearing and for Release on Conditions (Doc. 346). Counsel conceded that motion was moot, given the Court's imposition of a 24-month variance sentence.

[2] 18 U.S.C. § 3143(b).

*Danger to Others/Risk of Flight*

This prong is analyzed under a clear and convincing standard.[3] The Court previously revoked defendant's appeal bond on January 17, 2006.[4] In so doing, the Court did not consider defendant to be any type of flight risk. Defendant had performed on bond conditions over an extended period of time without any concern about flight. Defendant's wife still resides in Topeka and defendant has two high school-aged sons. His father resides in Prairie Village, Kansas. He has surrendered his passport.

The Court did find, however, that defendant posed an economic harm to the community. In revoking defendant's bond, the Court found that he had, in collaboration with his wife, flagrantly and repeatedly violated conditions of release in both cases as well as a restraining order imposed by the Court. The Court found that no condition or combination of conditions could reasonably assure the economic safety of the community and assure against the intentional disposition and transfer of assets that could be subject to fine and forfeiture.

Defendant contends that the circumstances that warranted the Court's revocation are no longer applicable. The government counters that the assets at issue are all "back in play" for forfeiture by virtue of the recent Tenth Circuit reversal in the Westar case.[5]

The Court finds by clear and convincing evidence that defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. The Court notes that when it revoked defendant's appeal bond over a year ago, it still harbored concerns about

---

[3]*Id.*

[4](Doc. 589.)

[5]*United States v. Lake*, —F.3d—, 2007 WL 30038 (10th Cir. Jan. 5, 2007).

the nature and status of defendant and Mrs. Wittig's financial transactions. As part of the revocation, defendant and Mrs. Wittig were required to provide the government and the Court with a comprehensive accounting as well as ongoing monthly accountings. A restraining order was entered freezing the defendant and Mrs. Wittig's joint accounts as well as accounts in her name. This financial information was utilized by the government in the forfeiture proceedings as well as the Settlement Agreement with Mrs. Wittig.

Although the forfeiture count was reversed by the Tenth Circuit in the Westar case, much of the forfeited assets were in the form of unpaid Westar compensation and benefits, and are in the control of Westar. Moreover, the substitute asset concerns that were key to the government's motion to revoke bond were resolved subsequent to the revocation by way of a Settlement Agreement that involved the liquidation of Wittig accounts and funding of an account of approximately $7 million with the United States Marshal's Service. The Court entered an order withdrawing its restraining orders against Mrs. Wittig in light of the Settlement Agreement. Thus, the Court agrees with defendant that there is now a reasonable combination of standard conditions that facilitate defendant's release from present custody.

### *Substantial Questions on Appeal*

While this determination must be made "on a case-by-case basis," in general, an appellate question is "substantial" for purposes of § 3143(b) if it is "close" or "very well could be decided the other way."[6] Other yardsticks include whether the question is "novel," "fairly doubtful," or "fairly debatable."[7]

---

[6] *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (en banc).

[7] *Id*. at 952 & n.12.

Defendant asserts that even though the Court imposed a 24-month sentence that exceeds the 0-6 month Guideline range and results in further incarceration, his immediate release is appropriate because the prior Tenth Circuit opinions would render such a sentence subject to an appeal that would not be raised for purposes of delay and which would involve a substantial question of law or fact likely to result in reversal. The Court need not, however, conclude that its own ruling on any point is likely to be reversed in order to agree that the question is close enough to be "substantial."[8] If defendant demonstrates that his appeal will be substantial, the Court should also conclude that it will not be taken for the purpose of delay. Defendant bears the burden of persuading the Court, under a preponderance standard, on both points.[9]

In imposing its sentence, the Court specifically discussed the evolving landscape in the Tenth Circuit with respect to variance sentences. Certainly, defendant's appeal of the Court's 24-month variance sentence involves a substantial question of law or fact on appeal. The Court also finds that defendant's appeal is not taken for purposes of delay, as it is likely that his remaining term of incarceration would end before an appeal could be decided. Thus, the Court finds that defendant has satisfied the second requirement for release pending appeal.

*Conditions of Release*

The Court shall also impose the following additional conditions of release:

- defendant shall not engage in any purchase, sale or transfer involving any real or personal property of a value of $25,000 or more, or engage in any monetary transactions of a value of $25,000 or more without first notifying the U.S. Attorney's office and U.S. Probation Office, and obtaining Court approval. Requests for attorney fees exceeding the $25,000 limit must be accompanied by invoices from the respective law

---

[8]*Id*. at 953 n.14.

[9]*Id*. at 953 & n.15.

>    firm confirming the amount requested for payment; and

- defendant shall provide monthly account information through his trial counsel to the U.S. Attorney and Probation.

### *Release in Westar Case*

Finally, as the parties acknowledged at the sentencing hearing, defendant Wittig's original appeal bond and corresponding conditions were incorporated into the pretrial release conditions in the Westar case, Case No. 03-40142.[10] When the Court revoked defendant's appeal bond in this case, on January 17, 2006, it also revoked defendant's conditions of pretrial release in the Westar case, as defendant had yet to be sentenced in that case. No appeal was taken from the revocation of pretrial release in the Westar case. After sentencing in the Westar case, the defendant moved for release pending appeal. This Court denied that motion. Recently the Tenth Circuit reversed the convictions in the Westar case, with remand of limited counts for potential retrial.[11] The mandate has yet to issue in that case, however, as the government has been granted until February 20, 2007, to seek a petition for rehearing. Once the mandate is issued in the Westar case, however, the Westar case will be in a pretrial status, and this Court's earlier revocation of defendant Wittig's pretrial release in that case, remains law of the case and an enforceable order.

When pressed by the Court as to how they intended to proceed with the issue of defendant's release in the Westar case, counsel indicated that, in the event they were successful in obtaining an appeal bond in this case, they would file a motion for release with the Tenth Circuit, rather than this Court. Counsel explained that defendant had previously moved the

---

[10](Doc. 249.)

[11]*United States v. Lake*, —F.3d—, 2007 WL 30038 (10th Cir. Jan. 5, 2007).

Circuit for release pending appeal in the Westar case, and the motion was denied without prejudice to defendant re-filing his request if the sentence in this case is reversed on appeal or if he completes that sentence prior to resolution of the Westar case appeal.[12] While this Court questions whether the Tenth Circuit has jurisdiction under the present circumstances, when certain counts have been remanded for retrial, it understands the dilemma faced by defendant given the pendency of the mandate. In any event, should the Circuit decide it does not have jurisdiction over what this Court perceives as a pretrial detention issue, the parties are invited to revisit the issue here.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's oral motion for bond pending appeal is GRANTED, with the additional conditions of release as set forth herein.

IT IS SO ORDERED.

Dated this  8th  day of February 2007.

                                                S/ Julie A. Robinson
                                               Julie A. Robinson
                                               United States District Judge

---

[12]*United States v. Wittig*, Case No. 06-3141 (10th Cir. May 15, 2006).