lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|                                       ) | |
|              Plaintiff,               ) | |
|         vs.                           ) | Case No.  02-40140-02-JAR |
|                                       ) | |
|                                       ) | |
| DAVID C. WITTIG,                      ) | |
|                                       ) | |
|              Defendant.               ) | |
| _____     ) | |

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO STAY REPORTING DATE AND FOR RESENTENCING HEARING

On June 17, 2008, the Tenth Circuit Court of Appeals issued its opinion in *United States v. Wittig*,[1] affirming this Court's sentence of 24 months' imprisonment and reversing and remanding with instructions to eliminate the employment restriction while on supervised release. On June 30, 2008, defendant filed a timely request for rehearing by the panel or, in the alternative, rehearing before the court *en banc*.  On September 16, 2008, the court denied defendant's request.  Defendant sought a stay of the mandate to allow him to file a petition for writ of certiorari with the United States Supreme Court, which the government did not oppose. The Tenth Circuit denied the motion to stay the mandate on October 9, 2008, and issued the mandate on October 16, 2008.[2]  On November 14, 2008, this Court entered an Order pursuant to the mandate of the Tenth Circuit, and eliminated the occupational restriction included as a

_____

[1]528 F.3d 1280 (10th Cir. 2008) ("*Wittig III*").

[2](Doc. 372.)

special condition of supervised release.[3]  Pursuant to the directives of the mandate, all other aspects of the Court's Judgment of Commitment remain in effect and defendant was ordered to self-surrender to the Bureau of Prisons upon designation.[4]

This matter is now before the Court on defendant David Wittig's Motion to Stay Reporting and for a Sentencing Hearing to Reconsider Aspects of the Court's Order Following Mandate (Doc. 374).  Counsel for defendant state they were waiting for some indication from this Court about its intent to hold a resentencing hearing before raising the pending requests, but instead, this Court issued a *sua sponte* order on November 14, 2008.  Defendant asserts that he is currently preparing a petition for writ of certiorari to be filed no later than December 15, 2008, and anticipates a decision from the Supreme Court sometime in January 2009.  Defendant argues that were he to begin serving the remaining eight months on the 24 month sentence now, any review undertaken by the Supreme Court would not occur until completion of his sentence, which would render moot and make meaningless his opportunity to obtain relief from that Court.  Defendant also requests that in the interim period pending a decision on the petition for writ of certiorari, this Court permit the submission of arguments concerning the remaining term of his sentence.

Although the government has not formally responded or objected to defendant's motion, defendant notes that after the court of appeals denied his motion to stay, counsel inquired of the government if it would agree, as it had done before, to continue proceedings upon issuance of the mandate to this Court.  Counsel represents that the government indicated that it would not agree

---

[3](Doc. 373.)

[4]*Id.*

to wait for a resolution of the petition for writ of certiorari, given that the Tenth Circuit had denied the unopposed motion.

Contrary to defendant's assertion, this Court did not enter its November 14, 2008 order *sua sponte*; the order was entered pursuant to the mandate of the Tenth Circuit, which is effective when issued.[5] Defendant sought a stay of the mandate pending the filing of a petition for writ of certiorari; despite the fact that the government did not oppose defendant's motion, the Tenth Circuit denied defendant's request.  Although the order denying the motion was summary in nature, Fed. R. App. P. 41(d)(2) requires the party moving to stay the mandate to "show that the certiorari petition would present a substantial question and that there is good cause for a stay."  The movant is also required to demonstrate that the stay is not frivolous or sought merely for delay.[6] Highly summarized, defendant argued to the Tenth Circuit that his petition for writ of certiorari would address a circuit split on conflicting interpretations of 18 U.S.C. § 3553(a)(6) regarding co-defendant disparity as well as important and unresolved questions of federal law regarding the reasonable limits of district courts' sentencing discretion post-*United States v. Gall*.[7] Similar arguments were also raised in the context of defendant's petition for rehearing *en banc*, which was also denied, albeit on a split ballot.

Defendant's requests are denied.  First, stays of execution pending Supreme Court review are governed by 28 U.S.C. § 2101(f), which makes clear that only an appellate court or a justice of the Supreme Court has jurisdiction to stay an appellate court's final judgment pending

---

[5]Fed. R. App. P. 41(c).

[6]10th Cir. R. 41.1(A).

[7]128 S. Ct. 586 (2007).

Supreme Court review of a petition for writ of certiorari:

> In any case in which the final judgment or decree of any court is
> subject to review by the Supreme Court on writ of certiorari, the
> execution and enforcement of such judgment or decree may be
> stayed for a reasonable time to enable the party aggrieved to obtain
> a writ of certiorari from the Supreme Court.  The stay may be
> granted by a judge of the court rendering the judgment or decree or
> by a justice of the Supreme Court. . . . [8]

The majority of courts addressing the issue, including this Court, have concluded that § 2101(f)
does not permit a district court to exercise jurisdiction to stay a circuit court's final judgment
pending filing or resolution of a petition for writ of certiorari.[9]  Although couched as a request to
stay his reporting date, in effect, defendant wants this Court to stay the Tenth Circuit's mandate,
which this Court does not have jurisdiction to do.  As noted above, defendant moved for a stay
from the Tenth Circuit pursuant to Rule 41(d)(2), which was denied; while defendant still may
apply to the Supreme Court for a stay, he may not do so in this Court.

　　In addition, to grant such a stay under these circumstances would be inconsistent with
the "mandate rule," which requires the district court to strictly comply with the mandate
rendered by the reviewing court.[10]  Simply put, for this Court to grant the stay as requested
would permit defendant to obtain in the district court relief that the Tenth Circuit specifically
denied.  Staying defendant's reporting date would plainly revisit an implicit ruling of the Tenth
Circuit, namely that defendant had not demonstrated that his petition for writ of certiorari
presented a substantial question and that there was good cause for a stay, as required by Rule

---

[8] 28 U.S.C. § 2101(f); *see also* Fed. R. App. P. 41(d)(2); Sup. Ct. R. 23.

[9] *See United States v. Lentz*, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005) (collecting cases); *Brinkman v. Dep't of Corr.*, 857 F. Supp. 775, 777 (D. Kan. 1994) (same).

[10] *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001).

4

41(d)(2).  While defendant attempts to avoid this conclusion by moving for a stay of his reporting date pending resolution of his petition for writ of certiorari, such a stay is clearly not justified in light of the Tenth Circuit's denial of defendant's application for a stay of the mandate.

The Tenth Circuit's mandate in this case is clear: "We REVERSE the fourth special condition of supervised release and remand with instructions to eliminate that condition.  In all other respects, we AFFIRM."[11]  Thus, this Court's sentence of 24 months' imprisonment has been affirmed and there is no need or requirement for a *re*sentencing hearing.  Instead, pursuant to the mandate, defendant must now complete the 24 month sentence imposed by this Court, without the occupational restriction upon supervised release.  Defendant asserts that there are half-way house eligibility issues that should be considered by the Court, and requests the opportunity to submit such arguments concerning his remaining sentence.  Such designation issues are strictly within the province of the Bureau of Prisons, however, and thus defendant's request involves issues outside the scope of this Court's authority.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant David Wittig's Motion to Stay Reporting Date and for Resentencing Hearing (Doc. 374) is DENIED.

IT IS SO ORDERED.

Dated this 25th  day of November 2008.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[11]*Wittig III*, 528 F.3d at 1289.

5